UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MORENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security<br><br>　　　　Defendant. | 1:13-cv-1372 BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## **BACKGROUND**

Plaintiff Maria Moreno ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability insurance benefits pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Barbara A. McAuliffe, United States Magistrate Judge.[1] (*See,* Docs. 14, 17, and 18).

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 7& 8).

1

# FACTS AND PRIOR PROCEEDINGS[2]

### 1. Background

On March 8, 2010, Plaintiff filed applications for disability insurance, alleging disability beginning June 26, 2009.  AR 142-150.  Her application was denied initially and on reconsideration. AR 75-78; 81-85. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 88-90.  ALJ Michael Haubner held a hearing on February 6, 2012 (AR 26-59), and issued an order denying benefits on May 6, 2011.  AR 12-19.  Plaintiff filed an appeal and submitted additional medical evidence to the Appeals Council on April 17, 2012.  AR 329-337.  On July 3, 2013, the Appeals Council denied review, rendering that the final decision of the Commissioner. AR 1-6.  Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### 2. The Disability Determination Standard and Process

To qualify for benefits under the Social Security Act, Plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established "a sequential five-step process" for evaluating a claimant's alleged disability. 20 C.F.R. §

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

404.1520(a) (f); *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). At step one, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe"[3] impairment or combination of impairments significantly limiting her ability to do basic work activities;  if not, the claimant is not disabled and the claim must be denied.  20 C.F.R. § C.F.R. § 404.1520(a)(4)(ii).  If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform her past work; if so, the claimant is not disabled and the claim must be denied.  20 C.F.R. § 404.1520(a)(4)(iv).  The claimant has the burden of proving that he or she is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  If the claimant meets that burden, a prima facie case of disability is established. *Id*.  In that event, or if the claimant has no past relevant work, the Commissioner then, in the fifth and final step of the sequential analysis, bears the burden of establishing that the claimant is not disabled because she can perform other substantial, gainful work available in the national economy. 20 C.F.R. § 404.120(a)(4)(v); *Lester*, 81 F.3d at 828 n. 5; *Drouin*, 966 F.2d at 1257.

///

---

[3] Severe means that the impairment limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c).

### 3. Summary of the ALJ's Findings and Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 21-29. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 26, 2009. AR 14. Further, the ALJ identified carpal tunnel syndrome, non-malignant ovary tumors, status post anemia, anxiety symptoms, as medically determinable impairments, and noted Plaintiff suffered from questionable sleep apnea and questionable fibromyalgia. However, the ALJ found that none of these conditions rose to the level of a "severe" impairment, individually or in combination. AR 14. The ALJ concluded that Plaintiff did not suffer from a disability and concluded the inquiry at step two of the sequential process. 14-18. Accordingly, the ALJ found that Plaintiff was not disabled. AR 19.

### 4. The Appeals Council's Decision

After the ALJ issued a decision denying benefits, Plaintiff submitted additional medical records to the Appeals Council from Comprehensive Sleep Diagnostics dated October 28, 2011. AR 4-5. ("sleep study"). The sleep study diagnosed Plaintiff with moderate sleep apnea and indicated that her sleep efficiency worsened with CPAP titration. AR 330-337. On July 3, 2013, the Appeals Council denied Plaintiff's request for review. AR 1. The Appeals Council stated that it had considered Plaintiff's arguments with respect to the ALJ's decision, as well as the new evidence subsequently submitted directly to the Appeals Council. AR 1, 5. The Appeals Council "found that this information [did] not provide a basis for changing the Administrative Law Judge's decision." AR 2.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards.

*See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## **DISCUSSION**[4]

Here, Plaintiff argues that this Court should remand this case so that the ALJ can consider the new medical evidence that was sent to the Appeals Council because this recent evaluation establishes disability. More specifically, Plaintiff contends that these records establish that her sleep apnea is a severe impairment, thereby rendering the ALJ's previous findings of no disability at step two improper. The Commissioner argues that Plaintiff's untimely submission of evidence does not justify remand because she has not established good cause for the late submission of evidence. Moreover, even if the court were to consider the new evidence, the records submitted merely establishes a diagnosis of sleep apnea which does not establish a severe impairment at step two. Upon a review of the record, the Court finds that the case should not be remanded.

    *A.    The New Evidence Before the Appeals Council*

In *Brewes v. Commissioner*, 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit considered the question of whether evidence submitted for the first time to the Appeals Council must be considered by the district court on appeal:

> We are persuaded that the administrative record includes evidence submitted to and considered by the Appeals Council. The

---

[4] The Court has carefully reviewed and considered all of the briefs, including the arguments, points and authorities, and exhibits. Any omission of reference to a specific argument or brief is not to be construed that the Court did not consider the argument or brief.

> Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. See 20 C.F.R. § 404.970(b ). Claimants need not show "good cause" before submitting new evidence to the Appeals Council. *See id.; see also O'Dell,* 44 F.3d at 858. The Council will grant the request for review "if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b) (emphasis added). "Because the regulations require the Appeals Council to review the new evidence, this new evidence must be treated as part of the administrative record." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996).
>
> *Brewes*, 682 F.3d at 1162.

The Court concluded, "[w]e hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Id*. at 1163. In specifically rejecting Defendant's argument to the contrary, the Court explained:

> First, we do not agree with the Commissioner's contention that Brewes must show that the letter meets § 405(g)'s materiality standard. Section 405(g) materiality is not at issue here because that standard applies only to new evidence that is not part of the administrative record and is presented in the first instance to the district court. See 42 U.S.C. § 405(g) ("The [district] court may ... at any time order additional evidence to be taken before the Commissioner, . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."). As discussed above, evidence submitted to and considered by the Appeals Council is not new but rather is part of the administrative record properly before the district court. Here, the Appeals Council accepted Brewes' proffered new evidence and made it part of the record, apparently concluding that it was material within the meaning of 20 C.F.R. § 404.970(b). The Commissioner does not contend that the Council erred by considering this additional evidence.

*Id*. at 1164.

Here, the medical records from the Comprehensive Sleep Diagnostics were considered by

the Appeals Counsel.  AR 330-337.  All documents were made a part of the administrative record.  AR 4-5.  Accordingly, this Court will consider this evidence in its review of the administrative record.  *Id.* at 1163.

### B. *The Commissioner's Decision is Based on Substantial Evidence*

As a preliminary matter, the Court is not persuaded by Plaintiff's argument that this case should be remanded to the ALJ so that he may consider the new evidence.  In this instance, the Appeals Council has already considered the evidence and found that the information does not provide a basis for changing the ALJ's decision.  AR 2.  The Appeals Council is not required to provide a "detailed rationale" or make any particularized evidentiary showing as to why it rejected a post hearing opinion.  *See Taylor v. Comm. of Soc. Sec. Admin.*, 659 F. 3d 1228, 1233 (9th Cir. 2011); *Warner v. Astrue*, 859 F. Supp. 2d 1107, 1115 (C.D. Cal. 2012) (under Taylor, the Appeals Council is excused from offering any explanation for rejecting post-hearing treating source opinions); *accord Crater v. Astrue*, 2012 WL 3106625, *5 (C.D. Cal. July 30, 2012).  The issue before this Court, therefore, is whether the Commissioner's determination that Plaintiff is not disabled is supported by substantial evidence in light of the post-hearing medical reports.  A review of the record reveals that that Appeals Council did not commit error.

At step two of the sequential evaluation process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment.  The regulations define a non-severe impairment as one that does not significantly limit [the claimant's] physical and mental ability to do basic work activities.  An impairment is not severe "if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  *Smolen v. Chater*, 80 F. 3d 1273, 1290 (9th Cir. 1996).  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of

symptoms alone will not suffice. 20 C.F.R. § 404.1508. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 404.1529.

The step two inquiry is a de minimis screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987). Further, the ALJ must consider the combined effect of all of the claimant's impairments on his or her ability to function, without regard to whether each alone was sufficiently severe. 42 U.S.C. § 423(d)(2)(B). The combined effect "shall be considered throughout the disability determination process. The adjudicator's role at step two is further explained by SSR 85-28:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.

SSR 85-28.

Here, the ALJ determined Plaintiff had medically determinable impairments of carpel tunnel syndrome, non-malignant ovary tumors, status post anemia, anxiety symptoms, fibromyalgia, and myalgias/arthralgias. He also noted that Plaintiff had questionable sleep apnea and questionable fibromayalgia. AR 14. In doing so, the ALJ noted that Plaintiff had little treatment for the sleep apnea, that she had refused a sleep evaluation, and no definitive diagnosis had been confirmed. AR 17. Plaintiff argues that the new evidence establishes a medically determinable impairment and that this impairment is severe. The Court disagrees.

When an individual applies for disability, an assessment of whether one's physical or mental condition is medically determinable is necessary. When making this determination, the

Commissioner considers the following :

> If you are not doing substantial gainful activity, we always look first at your physical or mental impairment(s) to determine whether you are disabled or blind. Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms (see § 404.1527). (See § 404.1528 for further information about what we mean by symptoms, signs, and laboratory findings.)

20 C.F.R. § 404.1508

> (b) Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated.
>
> (c) Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of a medically acceptable laboratory diagnostic techniques. Some of these diagnostic techniques include chemical tests, electrophysiological studies (electrocardiogram, electroencephalogram, etc.), roentgenological studies (X-rays), and psychological tests.

20 C.F.R § 404.1528

Here, the sleep study conducted on October 28, 2012, revealed that Plaintiff suffers from moderate sleep apnea and that her sleep efficiency worsened with CPAP titration. AR 330. Therefore, laboratory findings indicating that Plaintiff suffers from a medically determinable impairment exists. However, the mere diagnosis of an impairment is not sufficient to sustain a finding of disability. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985); *see also Matthews v.*

*Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (mere existence of impairment is insufficient proof of disability). The severity regulation requires a claimant to show that she has an impairment or combination of impairments which "significantly limit[s]" the "abilities and aptitudes necessary to do most jobs." 20 CFR §§ 404.1521; *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (if a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity"). Plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevents performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505(a), 404.1512; *Bowen*, 482 U.S. at 146; *Casey v. Shalala*, 999 F.2d 542, 542 (9th Cir. 1993); 42 U.S.C. § 423(d)(5)(A) (a claimant will not be considered to be under a disability unless he or she furnishes medical and other evidence of the existence thereof); 20 C.F.R. § 404.1512(c) ("[a claimant] must provide evidence ... showing how [the alleged] impairment(s) affects ... [his or her] functioning").

Here, the record does not reveal any functional limitations based on the sleep apnea that would significantly impact Plaintiff's ability to work.[5] While there is mention that Plaintiff reported she was fatigued at various times (AR 52-54; 248, 264, and 308), no medical records, including the one Plaintiff submitted to the Appeals Council establishes that this condition prevents her from engaging in substantial gainful activity. To the contrary, as noted by the ALJ, Plaintiff was evaluated by Dr. Stewart a treating psychologist (AR 244-248); Dr. Murphy, PsyD, a consultative psychologist (AR 253-258); and Dr. Stolz, a consultative physician. AR 260-265. None of those doctors indicated that Plaintiff was unable to work due to her sleep apnea, or any of the other medically determinable impairments. AR 17-18. Moreover, Dr. Jamora, M.D., a non-

---

[5] The entire medical record was reviewed by the Court. AR 203-337. The Court will discuss the relevant portions of the medical record as needed in the following discussion.

examining state agency psychiatrist (AR 268-282), and Dr. Jackson, M.D., a non-examining state agency doctor (AR 283-285), determined that Plaintiff did not suffer from any physical or psychological severe impairment.  AR 17, 268, 285. Non-examining state agency doctors Brian Ginsburg, M.D. and Dr. A. Garcia concurred that none of Plaintiff's conditions are severe impairments.  AR 17; 290-291.

Given the above, the Commissioner correctly concluded that Plaintiff's sleep apnea individually, or in combination with any of the other medically determinable impairments, does not prevent her from performing most jobs.   Plaintiff's statement as to her pain or other symptoms alone shall not be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A).  Moreover, here, the ALJ found Plaintiff's testimony not credible and the Plaintiff has not challenged this finding.  AR 18-19.  Thus, the Plaintiff did not meet her burden to establish that her impairments were severe, even with the additional medical evidence from the sleep study.  Accordingly, the Commissioner's finding that Plaintiff did not suffer from any severe impairments is proper.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn W. Colvin, Commissioner of Social Security and against Plaintiff Maria  Moreno.

IT IS SO ORDERED.

Dated: **March 4, 2015**          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE